**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:07-cr-00082

MARVIN L. SMITH,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's motion to dismiss the indictment [Docket 25]. For the following reasons the motion is **GRANTED**.

**I. Background**

On November 16, 1995, Mr. Smith was convicted of three counts of second degree sexual assault in violation of section 61-8B-4 of the West Virginia Code. On July 31, 1996, he was sentenced to three concurrent terms of not less than ten nor more than twenty-five years imprisonment. At the time of his release on parole on August 8, 2005, he was given notice of his obligation to register as a sex offender under West Virginia law.

The defendant traveled to Florida in July 2006. On July 27, 2006 President Bush signed into law the Adam Walsh Child Protection and Safety Act, which contains the Sex Offender Registration and Notification Act ("SORNA"). Later, the defendant traveled to Illinois. Sometime prior to November 6, 2006, the defendant returned to Florida. He did not register as a sex offender in Illinois or Florida, in violation of West Virginia law. He was arrested in Florida as a fugitive on November

24, 2006. The underlying charges were violations of his state parole and the West Virginia offense of failing to register as a sex offender. On April 24, 2007, a federal grand jury sitting in Huntington, West Virginia, returned a one-count indictment charging the defendant with a violation of 18 U.S.C. § 2250 on November 24, 2006 by "knowingly fail [ing] to register and update his registration as required by the Sex Offender Registration and Notification Act." On May 24, 2007, the defendant filed a motion in this court to dismiss the indictment.

In his motion to dismiss, the defendant challenges the application and constitutionality of 18 U.S.C. § 2250. He argues that SORNA was not applicable to him at the time the indictment alleges he failed to register as a sex offender. Alternatively, he argues that the statute is unconstitutional in that it violates the nondelegation doctrine, the due process clause, and the commerce clause.

**II. Discussion**

On July 27, 2006, President Bush signed into law the Adam Walsh Act. Title I of the Act is SORNA. SORNA creates an independent federal obligation on individuals convicted of a "sex offense" to register with a sex offender registry. Section 141(a) of SORNA, codified at 18 U.S.C. § 2250 imposes criminal penalties of up to ten years imprisonment on individuals required to register under SORNA, who travel in interstate commerce, and knowingly fail to register or update their registration. 18 U.S.C. § 2250(a).

The defendant contends that he was under no federal obligation to register under SORNA's registration provision, § 113 of SORNA, codified at 42 U.S.C. § 16913. Section 113 provides in full:

> (a) In general – A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex

offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b) Initial registration – The sex offender shall initially register– (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c) Keeping the registration current – A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section –

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(e) State penalty for failure to comply – Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

42 U.S.C. § 16913.

At issue in this case is whether SORNA applied to the defendant at the time of the alleged violation charged in the indictment – November 24, 2006. From the face of the statute it is clear that Congress intended the statute to apply to all sex offenders convicted after SORNA's effective date of July 27, 2006. Congress did not determine whether SORNA would apply to sex offenders convicted prior to enactment. Congress assigned this determination to the Attorney General. *See* 42 U.S.C. 16913(d). Section 113(d) allows the Attorney General to "specify the applicability" of SORNA to past offenders. It also authorizes the Attorney General to promulgate regulations related to the registration of sex offenders under SORNA.

The Attorney General did not exercise his authority to determine whether to apply the law to past offenders until February 28, 2007. On that date, he issued an interim rule stating that SORNA applies to sex offenders regardless of when they were convicted. 72 Fed. Reg. 8,894, 8,896 (Feb. 28, 2007) (codified at 28 C.F.R. 72). Because of this lapse in time, the act did not apply to past offenders, from July 27, 2006, the effective date of the statute, until February 28, 2007.  Pursuant to § 113(d) the Attorney General could have, at any time after July 27, 2006, determined that SORNA applied to only certain classes of past sex offenders, to all past sex offenders, or did not apply to any past sex offenders. *See United States v. Kapp*  – F. Supp. 2d –, 2007 WL 1536709, *4 n.9 (M.D. Pa. 2007)   But he waited to "specify the applicability" of SORNA for seven months and during that period the statute did not apply to past offenders . *Kapp*, 2007 WL 1536709, *5 (M.D. Pa. 2007) (holding that "[d]efendants' indictments occurred in the brief window during which SORNA's scope remained undefined as to past offenders, and because § 113(d) required the Attorney General to animate SORNA's provisions to previously convicted offenders, SORNA did not apply to Defendants at the time of indictment.").

This reading of the statute, which is plain on its face, is further supported by the language of the Attorney General's interim rule, the examples given with the rule, the notice section of SORNA, as well as information given to the public by the Department of Justice.

*A) The Interim Rule*

A reading of the interim rule issued by the Attorney General makes plain that his rule-making was for the explicit purpose of making SORNA applicable to sex offenders convicted

prior to July 27, 2006.  Section 72.1 of the interim rule states its purpose.[1]  The rule is contained in section 72.3 and states " [t]he requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3.  The regulation gives two examples of the types of past offenders that will be covered by SORNA. The examples state:

> Example 1. A sex offender is federally convicted of aggravated sexual abuse under 18 U.S.C. 2241 in 1990 and is released following imprisonment in 2007. The sex offender is subject to the requirements of the Sex Offender Registration and Notification Act and could be held criminally liable under 18 U.S.C. 2250 for failing to register or keep the registration current in any jurisdiction in which the sex offender resides, is an employee, or is a student.

> Example 2. A sex offender is convicted by a state jurisdiction in 1997 for molesting a child and is released following imprisonment in 2000. The sex offender initially registers as required, but disappears after a couple of years and does not register in any other jurisdiction. Following the enactment of the Sex Offender Registration and Notification Act, the sex offender is found to be living in another state and is arrested there. The sex offender has violated the requirement under the Sex Offender Registration and Notification Act to register in each state in which he resides, and could be held criminally liable under 18 U.S.C. 2250 for the violation because he traveled in interstate commerce.

28 C.F.R. § 72.3.

---

[1]This part specifies the applicability of the requirements of the Sex Offender Registration and Notification Act to sex offenders convicted prior to the enactment of that Act. These requirements include registering and keeping the registration current in each jurisdiction in which a sex offender resides, is an employee, or is a student. The Attorney General has the authority to specify the applicability of the Act's requirements to sex offenders convicted prior to its enactment under sections 112(b) and 113(d) of the Act. 28 C.F.R. § 72.1 (2007).

These examples illustrate that the Attorney General's decision to apply SORNA's to past offenders.   This interim rule had not been promulgated on November 24, 2006 - the date upon which Mr. Smith is charged with his alleged violation.   Therefore SORNA did not apply to him.

*B) Section 117 - Duty to Notify*

Section 117 contains the duty to notify requirements.   This section is entitled "Duty to Notify Sex Offenders of Registration Requirements and to Register."[2]   The language in this section parallels the language in § 113.   Subsection 117(a) states that the appropriate official shall, either before the release of the sex offender from custody, or if the sex offender is not in custody, immediately after sentencing inform the sex offender of his duties under *this title* and explain those duties.   This is in keeping with the initial registration requirements of § 113(b).   Section 117(b) then states, as § 113(d) does, that the Attorney General will prescribe rules for those offenders who cannot be registered in accordance with subsection(a).

Section 117(a) requires that an offender be notified of his duties under SORNA.   Mr. Smith was in custody, but could not have been notified of the requirements of a statute yet to be

---

[2]Section 117 states:

(a) In general -  An appropriate official shall, shortly before release of the sex offender from custody, or, if the sex offender is not in custody, immediately after the sentencing of the sex offender, for the offense giving rise to the duty to register– **(1)** inform the sex offender of the duties of a sex offender under this subchapter and explain those duties; **(2)** require the sex offender to read and sign a form stating that the duty to register has been explained and that the sex offender understands the registration requirement; and **(3)** ensure that the sex offender is registered.

(b) Notification of sex offenders who cannot comply with subsection (a) of this section – The Attorney General shall prescribe rules for the notification of sex offenders who cannot be registered in accordance with subsection (a) of this section.

42 U.S.C. § 16917.

enacted. Mr. Smith was released from prison in 2005, and SORNA was enacted in 2006.

Therefore, Mr. Smith could not have been notified in accordance with § 117(a).  Mr. Smith fell

into the category of offenders referred to in § 117(b) for whom the Attorney General was given

the power to prescribe notice requirements.

### C) Information Published by the Department of Justice

The Department of Justice published proposed Guidelines for SORNA  on its website.

The National Guidelines for Sex Offender Registration and Notification - Proposed Guidelines

("Guidelines"), http://www.ojp.usdoj.gov/smart/proposed.htm (last visited June 13, 2007).  These

Guidelines provide additional support for my conclusion that the statute was not applicable to

Mr. Smith on the date he allegedly violated it. The Guidelines explain the statutory scheme in

great detail. The situation of a defendant, like Mr. Smith who was already a registrant under state

law, is specifically addressed.

The Guidelines note several situations in which problems of this type might arise and the

rules adopted for those situations.  The Guidelines specifically discuss retroactive classes and

which classes would have not be able to conform with the initial registration processes prescribed

by SORNA.  Example 2 is most analogous to this case.  Example 2 describes a situation in which

a sex offender is required to register for life based on a rape conviction in 1995 for which he was

released in 2005.  The sex offender was initially registered based on the state's existing law prior

to his release, but the information concerning registration duties he was given at the time of

release did not include some of the requirements of SORNA.  Thus, the example concludes, the

sex offender has to be given new instructions about his duties under SORNA. Guidelines, Part

IX.

After specifying SORNA's applicability to past sex offenders under § 113(d), the Attorney General also had to specify how such sex offenders would be registered in accordance with § 117(b). The Guidelines state that to register these sex offenders in conformance with SORNA they need to be fully instructed about SORNA's requirements, obtain signed acknowledgments of such instructions, and enter into the system all information required under SORNA. The Guidelines note this may require the re-registration of a large number of sex offenders in these existing sex offender populations who cannot be registered within the SORNA time frame outlined in § 113(b).

Not until the issuance of the Attorney General's interim rule and these proposed Guidelines was there any way to notify or register past offenders. When Mr. Smith was arrested, he could not have *knowingly* violated SORNA, as SORNA did not apply to him. His registration under West Virginia's laws was not sufficient to notify him of any requirement to comply with SORNA.

### III. Conclusion

I **FIND** that the statute as enacted in July 2006 was not retroactive on its face. I further **FIND** that Congress assigned the question of retroactivity under the statute to the Attorney General. The Attorney General did not promulgate any regulations with respect to retroactivity until February 2007. The statute, the Attorney General's interim rule, and the Guidelines all support my conclusion that defendant was not obligated to register under the statute as enacted in July 2006.

Accordingly, I **GRANT** the defendant's motion to dismiss.  I find it unnecessary to address the constitutional questions raised by the defendant.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:       June 13, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE